UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In the Matter of:<br><br>DUSTIN JADE WELLS,<br><br>Debtor,<br>_____<br><br>KATHLEEN McCALLISTER,<br><br>Appellant,<br><br>v.<br><br>DUSTIN JADE WELLS,<br><br>Appellee. | Case No. 4:20-cv-00086-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Before the Court is Appellee Dustin Jade Wells's Motion for Stay Pending Appeal (Dkt. 18). For the reasons explained below, the Court will deny the motion without prejudice.

### DISCUSSION

In October 2020, this Court decided Appellant Kathleen McCallister's appeal. The appeal dealt with Wells's claimed homestead exemption. The bankruptcy court determined that the homestead exemption remained in place –

even after Wells sold his home and did not invest the proceeds in another home. This Court concluded that the homestead exemption vanished when he failed to reinvest the proceeds. Accordingly, this Court reversed and remanded. The case is now on appeal before the Ninth Circuit. According to the Ninth Circuit's briefing order, the appeal will be ripe on March 5, 2021. *See Nov. 13, 2020 Time Schedule Order,* Dkt. 17.

The Debtor asks this Court to stay its decision pending appeal. He explains that there is a circuit split on the vanishing-homestead issue and says that the Supreme Court may resolve the split relatively soon. Currently, there is a cert petition pending before the Supreme Court on the First Circuit's decision in *Hull v. Rockwell,* 968 F.3d 12 (1st Cir. 2020).[1] The Debtor says that if the Supreme Court grants cert and affirms *Hull,* the two Ninth Circuit authorities this Court relied upon to decide the appeal would no longer be good law. *See Wolfe v. Jacobson (In re Jacobson)*, 676 F.3d 1193 (9th Cir. 2012); *England v. Golden (In re Golden)*, 789 F.2d 698 (9th Cir. 1986).

The Court will deny this motion without prejudice. The motion stumbles at the starting blocks because Wells has not adequately explained why he would

---

[1] As of this writing, the cert petition is not fully briefed. The opposition was filed January 19, 2021.

**MEMORANDUM DECISION AND ORDER - 2**

suffer irreparable harm in the absence of a stay. To obtain a stay on appeal, Wells must show the probability of irreparable harm plus either: " (a) a strong likelihood of success on the merits and that the public interest does not weight heavily against a stay; or (b) a substantial case on the merits and that the balance of hardships tips sharply in the petitioner's favor." *Leiva-Perez v. Holder*, 640 F.3d 962, 970 (9th Cir. 2011).

Here, the briefing on the irreparable-harm issue is extraordinarily sparse, consisting of two key sentences. First, the Debtor says that unless this Court stays its decision, his "homestead will likely be lost and those funds recovered or otherwise accounted through the Trustee's office and related fees taken." *Motion*, Dkt. 18, at 3. The Debtor also says that "[t]he time for revisiting or once again appealing will have passed by the time of any decision by the United States Supreme Court in *Hull*." *Id.* These two sentences, without any further explanation or discussion of relevant authority, are not enough to persuade the Court that Wells has shown a probability of irreparable injury. Accordingly, the Court will deny the motion without prejudice. Debtor is free to renew this motion. If he chooses to do so, the Court will require a more thorough discussion of the facts and law relative to irreparable harm.

# ORDER

**IT IS ORDERED that** the Debtor's Motion for Stay Pending Appeal (Dkt. 18) is **DENIED WITHOUT PREJUDICE.**

DATED: February 3, 2021

_____
B. Lynn Winmill
U.S. District Court Judge